WILLIAM P. McGINN, Plaintiff, v. PAUL J. MORRIN, Individually and as General President, etc., Defendant.

Supreme Court, Special Term, New York County, January 27, 1936.

*Birnbaum & Kaplan,* for the plaintiff.

*Frank P. Walsh* [*Harold Stern* of counsel], for Paul J. Morrin, individually, etc., appearing specially.

McLAUGHLIN (CHARLES B.), J. This is a motion to declare the service of a summons invalid. The plaintiff is primarily suing an unincorporated association. Section 13 of the General Associations Law provides that instead of making all the members party defend-

ants, a plaintiff may maintain his action " against the president or treasurer of such an association." The title of the action named the defendant " Paul J. Morrin, individually and as General President of the International Association of Bridge, Structural and Ornamental Iron Workers, a voluntary association of more than seven persons." It is conceded that Paul J. Morrin was never served with process. One John H. Lyons, the general treasurer, was the party to whom the summons was delivered personally by the process server. The claim is made that this service is invalid as to the association because not made upon Paul J. Morrin. The reason advanced seems to be that because Mr. Morrin was named in the summons as president he was the only person who could be served on behalf of the association. The reasoning is finely drawn and seems not to be in consonance with modern practice. It is captious. When a plaintiff sues with the caption containing the words Paul J. Morrin, as general president, he is not suing Paul J. Morrin but is suing the association. Such a summons may be served on either the president or the treasurer. The association is the party defendant, either officer is the agent. The defect of the name of the officer in the summons is at most a mere irregularity. It does not deprive this court of jurisdiction. Amendment of the name is allowed so as to have it read as brought against John H. Lyons, as general treasurer, etc. The service as to the association is valid and as to Paul J. Morrin individually it is invalid. Settle order accordingly.